UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                            **ORDER**
                                                  03-CR-242S

KENNETH AVERY BROWN,

                        Defendant.

      1.      On April 24, 2002, a Criminal Complaint was filed in the Western District of New York charging Defendant Kenneth Brown with possession with intent to distribute five or more grams of cocaine base.  This Complaint arose from Mr. Brown's sale of cocaine base to a Government informant on two occasions in March 2002.

      2.      On November 21, 2003, Mr. Brown pled guilty, pursuant to a plea agreement, to one count of possession with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

      3.      On May 11, 2004, this Court sentenced Mr. Brown to a term of imprisonment of 70 months, followed by a 5-year term of supervised release.  As part of Mr. Brown's term of supervised release, this Court imposed several special conditions.

      4.      On appeal to the Court of Appeals for the Second Circuit, Mr. Brown challenged two of these special conditions, to wit, condition 4, which requires Mr. Brown to provide the Probation Office with access to any requested financial information, and condition 5, which prohibits Mr. Brown from incurring any form of debt without obtaining the prior approval of the Probation Office.[1]

      5.      By Opinion and Mandate issued on April 13, 2005, the Second Circuit

---

[1] Mr. Brown did not contest the fact of his conviction or the length of his sentence, nor did he seek a remand for reconsideration or resentencing in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).

affirmed condition 4, vacated condition 5, and remanded this case for resentencing consistent with its opinion.

6.    On September 12, 2005, Defendant filed a Statement with Respect to Resentencing in which, through his attorney, he acknowledged the limited scope of resentencing, denied that any further development of the record was necessary, and requested that this Court resentence him without any condition with respect to debt incursion.  In the interest of expediting this matter, Mr. Brown agreed to waive his presence at any proceeding relating to his resentencing.  On September 14, 2005, the Government concurred in Defendant's request to resentence him such that condition 5 is vacated.

7.    Given the minor amendment to be made to Mr. Brown's sentence, this Court finds that it is unnecessary for Mr. Brown to appear for resentencing.  Rather, consistent with the foregoing,

IT HEREBY IS ORDERED that the Probation Office shall submit to the undersigned by Friday, December 16, 2005, a proposed amended judgment eliminating condition 5 from Defendant's sentence.

FURTHER that subject to this Court's approval, the amended judgment will be entered and Defendant shall be deemed resentenced consistent with the April 13, 2005 Mandate and Opinion issued by the Second Circuit.

SO ORDERED.

Dated:   December 8, 2005
         Buffalo, New York

                                    /w/William M. Skretny
                                    WILLIAM M. SKRETNY
                                    United States District Judge